IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

VALERIE MORRIS                                                                          PETITIONER

v.                                                                            No. 4:13-cv-143-DMB-SAA

MDOC, ET AL.                                                                          RESPONDENTS

**MEMORANDUM OPINION**

This matter comes before the Court on the *pro se* petition of Valerie Morris for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Morris has not responded, and the deadline to do so has expired. The matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

**Facts and Procedural Posture**

Valerie Morris is currently in the custody of the Mississippi Department of Corrections and is housed in the Washington County Regional Correctional Facility in Greenville, Mississippi. On August 18, 2008, Morris entered pleas of guilty to third offense shoplifting in Washington County Circuit Court cause numbers 2007-303 and 2007-319. Under these pleas, Morris was sentenced to a term of five (5) years in cause no. 2007-303, with four (4) years to serve and one (1) year of post-release supervision, and a term of five (5) years in cause no. 2007-319, all to be served on post-release supervision consecutively to the sentence in cause no. 2007-303. Thereafter, on April 3, 2012, Morris' post-release supervision was revoked in both cases. Pursuant to the revocations, Morris was sentenced to serve the remaining term of one (1) year in cause no. 2007-303 and five (5) years in cause no. 2007-319, to run consecutively to the sentence in cause no. 2007-303. Morris is currently serving the sentences imposed pursuant to the revocations, and she challenges those sentences in the instant

petition for a writ of *habeas corpus*.

## One-Year Limitations Period

Decisions in this case are governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

Under Mississippi law, "[a]n order revoking a suspension of sentence or revoking probation is not appealable." *Griffin v. State*, 382 So.2d 289, 290 (Miss. 1980) (quoting *Pipkin v. State*, 292 So.2d 181, 182 (Miss.1974)). As such, after Morris' revocations, her new sentences became final on April 3, 2012, the day her probation was revoked and she was sentenced. Therefore, Morris' federal *habeas corpus* petition was due one year later, on or before April 3, 2013. In her federal petition, Morris concedes that she has not filed any post-conviction motions challenging her revocations in state court.

2

Further, the Mississippi Supreme Court online docket does not reflect that Morris filed an appeal. Thus, Morris is not entitled to statutory tolling in this case, and the deadline for federal *habeas corpus* relief remains April 3, 2013.

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L. Ed. 2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed between the date it was signed on July 22, 2013, and the date it was received and stamped as "filed" in the district court on August 15, 2013. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed 110 days after the April 3, 2013, filing deadline. Morris does not allege any "rare and exceptional" circumstance to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999). The instant petition will thus be dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this the 22nd day of May, 2014.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**